**Exhibit 1**

---------- Forwarded message ---------
From: <efoia@subscriptions.fbi.gov>
Date: Wed, Aug 17, 2022 at 3:34 PM
Subject: eFOIA Request Received
To: <jasonleopold@gmail.com>

## Individual Information

| | |
|---:|---|
| **Prefix** | |
| **First Name** | Jason |
| **Middle Name** | |
| **Last Name** | Leopold |
| **Suffix** | |
| **Email** | jasonleopold@gmail.com |
| **Phone** | 2132704334 |
| **Location** | United States |

## Domestic Address

| | |
|---|---|
| **Address Line 1** | 1669 Benedict Canyon Drive |
| **Address Line 2** | |
| **City** | Beverly Hills |
| **State** | California |
| **Postal** | 90210 |

## Agreement to Pay

| | |
|---|---|
| **How you will pay** | I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below. |
| **Allow up to $** | 25 |

## Proof Of Affiliation for Fee Waiver

**Waiver Explanation**

I am the senior investigative reporter for Bloomberg News and formerly
investigative reporter for BuzzFeed News and formerly senior investigative
reporter and on-air correspondent for VICE News. Additionally, my reporting
has been published in The Guardian, The Wall Street Journal, The Financial
Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout,
Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my
request for a waiver is denied, I request that I be considered a member of
the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any
charge ... if disclosure of the information is in the public interest
because it is likely to contribute significantly to public understanding of
the operations or activities of the government and is not primarily in the
commercial interest of the requester." Disclosure in this case meets the
statutory criteria, as the records sought to detail the operations and
activities of government. This request is also not primarily in my
commercial request, as I am seeking the records as a journalist to analyze
and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a
member of the news media for fee purposes. I am willing to pay all
reasonable duplication expenses incurred in processing this FOIA request.

**Documentation Files**

# Non-Individual FOIA Request

**Request Information**

I request disclosure from the FBI of the following investigative and non
investigative records:

1. Threat assessments, domestic intelligence bulletins, final intelligence
reports, open source reports, emails, memos, letters referring to threats
(threats of violence, death threats) against FBI agents and officials
related since August 8, 2022 related to the FBI's search of Mar-a-Lago.

2. The same types of records referring to protests planned at FBI
headquarters and field offices that were planned and staged in response to
the FBI's search of Mar-a-Lago.

In a statement on August 11, FBI Director Christopher Wray said: Unfounded
attacks on the integrity of the FBI erode respect for the rule of law and
are a grave disservice to the men and women who sacrifice so much to protect
others. Violence and threats against law enforcement, including the FBI, are
dangerous and should be deeply concerning to all Americans. Every day I see
the men and women of the FBI doing their jobs professionally and with rigor,
objectivity, and a fierce commitment to our mission of protecting the
American people and upholding the Constitution. I am proud to serve
alongside them."

The FBI's search for responsive records should not be limited to the Central
Records System. The search for responsive records should include any records
the bureau received from, prepared or shared with the National Crisis
Coordination Center, Joint Terrorism Task Forces, Department of Homeland
Security, FBI's National Threat Operations Section Social Media Exploitation
Team, the Office of the Director, Deputy Director, Intelligence, Criminal,
Cyber and National Security branches.

Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the
FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest
protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

```
(ii) (I) consider whether partial disclosure of information is
possible
whenever the agency determines that a full disclosure of a
requested record
is not possible; and

(II) take reasonable steps necessary to segregate and release
nonexempt
information. . . .

FBI should not fail to comply with this mandatory part of the
FOIA as
recently amended by Congress. The Agency is required to identify
what
reasonably foreseeable harm would flow from release of the
information
withheld, nor did it consider a partial disclosure of the
information,
taking reasonable steps to segregate and release nonexempt
information.
```

# Expedite

**Expedite Reason**

The circumstances surrounding the FBI search of the former president's
Mar-A-Lago residence last week to recover documents, some marked as top
secret and classified, is unprecedented in our nation's modern history. The
decisions that led to the search have dominated the news cycle for the past
week and have raised important questions about the government's decision
making process that led to it as well as what role the various government
agencies, such as FBI, in facilitating or this unprecedented decision or the
role the agency played in the matter and the responses to numerous inquiries
from lawmakers, the public and journalists that have followed.

Moreover, there is an imminent danger to the lives of FBI agents as a result
of the threats as underscored by incidents in which one citizen showed up to
an FBI field office armed with weapons (he was later killed) and another
individual who was arrested and charged with making threats against FBI
agents.

There is widespread and exceptional media interest in this matter and many
questions have been raised concerning the government's integrity in
conducting this investigation. These records are needed on an urgent,
expedited basis so that I may inform the public about actual government
activity about this matter.

As senior investigative reporter at Bloomberg News, I am a full-time member
of the news media. I therefore qualify as a person primarily engaged in
disseminating information. The very purpose of the FOIA is to lessen the
public's dependency on official government statements and open the
underlying documents to public scrutiny. This is clearly an instance in
which expedited processing of a FOIA request is warranted. These records are
not being requested for commercial purposes. I intend to use these records
to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge
and belief. _/s/_____JL_____ Jason Leopold

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA

request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 6, 2022

MR. JASON LEOPOLD
1669 BENEDICT CANYON DRIVE
BEVERLY HILLS, CA 90210

FOIPA Request No.: 1558644-000
Subject: Records Concerning Threats
against FBI Officials related to the Search of
Mar-a-lago

Dear Mr. Leopold:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☑ You submitted your request via the FBI's eFOIPA system.

    ☑ Future correspondence about your FOIPA request will be provided in an email link unless the record file type is not supported by the eFOIPA system.

    ☐ Correspondence for requests regarding living individuals, or containing audio, video, and high resolution photographs cannot be sent through the eFOIPA system.   Future correspondence about your FOIPA request will be delivered through standard mail.

☐ The subject of your request is currently being processed and documents subject to the FOIPA will be released to you upon completion.

☐ Release of responsive records subject to the FOIPA will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

# Exhibit 2

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FBI has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 6, 2022

MR. JASON LEOPOLD
1669 BENEDICT CANYON DRIVE
BEVERLY HILLS, CA 90210

FOIPA Request No.: 1558644-000
Subject: Records Concerning Threats
against FBI Officials related to the Search of
Mar-a-lago

Dear Mr. Leopold:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request.   Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☐ **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐ **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☑ **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

# Exhibit 3

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

My Account     Sign Out     Help

HOME     TRACKING INBOX

Tracking Inbox   »   Request

# FOIA-2022-01777

**Requester:**  Leopold, Jason

Status: In Progress

### Request

**Request Information**

| | | | |
|---|---|---|---|
| Request Type | Request | Agency | OIP |
| Request Date | 08/18/2022 | Document Delivery Method | Email |

**Requester Information**

| | | | |
|---|---|---|---|
| Salutation | Mr. | Address Type | Home |
| First Name | Jason | Country | United States |
| Middle Name | | Address Line 1 | 1669 benedict can |
| Last Name | Leopold | Address Line 2 | |
| Email Address | jasonleopold@gmail.com | City | Beverly Hills |
| Organization | Bloomberg News | State | California |
| Register Number | | Zip/Postal Code | 90210 |
| Phone Number | 2132704334 | | |
| Fax Number | | | |
| Other Information | | | |

**Description of Request**

**Exhibit 4**

| Description | I request disclosure from the Department of Justice Office the Attorney General, Deputy Attorney General, Public Affairs, Information Policy and Legislative Affairs the following records: |
|---|---|
| | 1. Emails (including attachments) letters, memos and text messages, reports, intelligence bulletins, and threat assessments, mentioning or referring to former President Donald Trump's public responses, including responses he posted on his social media platform Truth Social, to the August 8, 2022 search of his Mar-a-Lago residence by the FBI to retrieve presidential records, some that were identified as classified. |
| | 2. Emails, memos, letters and text messages, talking points referring to the drafting of the public statement made by Attorney General Merrick Garland and decisions to have the attorney general make a statement and appear live in front of the public about the FBI search of Mar-a-Lago. |
| | Please omit copies of news clippings and press releases. |
| | Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)): |
| | (A) An agency shall-- |
| | (i) withhold information under this section only if-- |
| | (I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or |
| | (II) disclosure is prohibited by law; and |
| | (ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and |
| | (II) take reasonable steps necessary to segregate and release nonexempt information. . . . |
| | DOJ should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part. |

File Type 1
File 1
File Type 2
File 2
File Type 3
File 3

**Expedited Processing Information**

| Expedited Processing Requested? | Yes | | Expedited Justification | The circumstances |
|---|---|---|---|---|
| | | | | Mar-A-Lago reside |
| | | | | as top secret and |
| Expedited Processing Request Date | 08/18/2022 | | | history. The decisi |
| | | | | cycle for the past v |
| Standards for Expedition | 2. An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information. | | | government's deci |
| | | | | the various govern |
| | | | | unprecedented de |
| | | | | the responses to r |
| | 4. A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. | | | journalists that hav |
| | | | | media interest in th |
| | | | | concerning the gov |
| | | | | These records are |
| | | | | inform the public a |
| | | | | |
| | | | | As senior investiga |
| | | | | member of the nev |
| | | | | engaged in dissen |
| | | | | to lessen the publi |
| | | | | open the underlyin |
| | | | | instance in which e |
| | | | | These records are |
| | | | | intend to use these |
| | | | | |
| | | | | I certify the forego |
| | | | | and belief. _/s/___ |

**Fee Information**

| Will Pay Up To | $25 |
|---|---|
| Fee Category | Representative of the news media |
| Fee Waiver Requested? | Yes |

Fee Waiver Justification

I am the senior inv
senior investigativ
investigative repo
Additionally, my re
Street Journal, The
Angeles Times, Th
America.

I request a comple
request for a waive
of the news media

Under 5 U.S.C. §5
any charge ... if dis
because it is likely
the operations or a
commercial interes
statutory criteria, a
activities of the go
commercial reques
analyze and freely

If I am not granted
member of the new
reasonable duplica
request.

I will appeal any d
the courts if neces

August 18, 2022
VIA DOJ FOIA PORTAL


I request disclosure from the Department of Justice Office the Attorney General, Deputy Attorney General, Public Affairs, Information Policy and Legislative Affairs the following records:

1. Emails (including attachments) letters, memos and text messages, reports, intelligence bulletins, and threat assessments, mentioning or referring to former President Donald Trump's public responses, including responses he posted on his social media platform Truth Social, to the August 8, 2022 search of his Mar-a-Lago residence by the FBI to retrieve presidential records, some that were identified as classified.

2. Emails, memos, letters and text messages, talking points referring to the drafting of the public statement made by Attorney General Merrick Garland and decisions to have the attorney general make a statement and appear live in front of the public about the FBI search of Mar-a-Lago.

Please omit copies of news clippings and press releases.

Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall--

(i) withhold information under this section only if--

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DOJ should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence last week to recover documents, some marked as top secret and classified, is unprecedented in our nation's modern history. The decisions that led to the search have dominated the news cycle for the past week and have raised important questions about the government's decision making process that led to it as well as what role the various government agencies, such as DOJ, in facilitating or this unprecedented decision or the role the agency played in the matter and the responses to numerous inquiries from lawmakers, the public and journalists that have followed. There is widespread and exceptional media interest in this matter and many questions have been raised concerning the government's integrity in conducting this investigation. These records are needed on an urgent, expedited basis so that I may inform the public about actual government activity about this matter.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
_/s/_____JL_____   Jason Leopold

FEE WAIVER

   I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for Buzz
   Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times,
   America.

   I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request t

   Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the info
   the operations or activities of the government and is not primarily in the commercial interest of the requeste
   activities of the government. This request is also not primarily in my commercial request, as I am seeking the

   If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee pu

   I will appeal any denial of my request for a waiver administratively and to the courts if necessary.



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

August 31, 2022

Jason Leopold
Bloomberg News
1669 Benedict Canyon Drive
Beverly Hills, CA 90210                          Re:   FOIA-2020-01777
jasonleopold@gmail.com                                 DRH:MSH

Dear Jason Leopold:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on August 18, 2022, in which you requested records of the Office of the Attorney General, Office of the Deputy Attorney General, Office of Public Affairs, Office of Information Policy, and Office of Legislative Affairs concerning the public responses of President Donald Trump to the search warrant issued at Mar-a-Lago on August 8, 2022, and the public statement issued by Attorney General Merrick Garland.

You have requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." See 28 C.F.R. § 16.5(e)(1)(iv) (2018).  Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. See id. § 16.5(e)(2).  The Director has determined that your request for expedited processing should be granted.  Accordingly, your request has been assigned to an analyst in this Office and our processing of it has been initiated.

Although your request has been granted expedited processing, we are required to advise you that the records you seek require a search in and/or consultation with another Office, and so your request falls within "unusual circumstances." See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2018).  Accordingly, we have not yet completed a search to determine whether there are records within the scope of your request.  The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request.  Your request has been assigned to the expedited track and will be processed as soon as practicable.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the analyst handing your request, Georgianna Gilbeaux, by telephone at the above number or you may write to them at the above address.  You may contact our FOIA Public Liaison, Valeree Villanueva, for any further

# Exhibit 5

assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642, or by e-mail at: doj.oip.foia@usdoj.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request for expedited processing, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff

---------- Forwarded message ---------
From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Tue, Aug 23, 2022 at 5:20 PM
Subject: RESUBMITTING: Request for records under the Freedom of Information Act
To: NSDFOIA (NSD) <NSDFOIA@usdoj.gov>


This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.

REQUESTER INFORMATION
Name: Jason Leopold
Position: Investigative Reporter
Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
Email: jasonleopold@gmail.com

RECORDS SOUGHT
I request disclosure from the Department of Justice National Security Division the following records:

1. Emails, text messages, letters, memos, sent and received by the Justice Department's National Security Division personnel to and from former NARA Director David Ferriero, Acting Director Debra Wall, and NARA counsel Gary Stern, and officials at the Department of Justice Office of Legal Counsel, the Office of the attorney General, the White House Counsel's Office relating or referring to the Presidential Records Act, Federal Records Act, Executive Privilege, the Trump White House and records stored at Mar-a-Lago that were recovered by NARA after former President Donald Trump left office.

In a letter dated May 10 and publicly released by NARA and currently posted on the agency's website, acting Archivist Debra Wall wrote to Evan Corcoran, one of Donald Trump's attorneys, and cited correspondence the National Security Division had with Mr. Corcoran on April 29, 2022.

That letter can be found here: https://www.archives.gov/files/foia/wall-letter-to-evan-corcoran-re-trump-boxes-05.10.2022.pdf

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. Now, Archivist Debra Wall's letter goes even further, characterizing the records NARA retrieved as including "classified national security information, up to the level of Top Secret and including Sensitive Compartmented Information and Special Access Program materials." The unsealing, as well as Ms. Wall's letter, also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. There is a clear overwhelming public interest in this matter and now with the disclosure that NSD had explained to Trump's attorney in April that there are "important national security interests in the FBI and others in the Intelligence Community getting access to these materials" that were stored at Mar-a-Lago, as well as questions about the government's integrity related to the investigation, it is crucial that NSD release records so that I may inform

# Exhibit 6

the public about this matter.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
 _/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

NSD should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.    Request for Public Records:

Please search for any records even if they are already publicly available.

2.    Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.

3.    Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.    Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.    Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.      Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of the government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.
--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

**U.S. Department of Justice**

National Security Division

*Washington, D.C. 20530*

Jason Leopold
1669 Benedict Canyon Drive
Beverly Hills, CA 90210-2002
jasonleopold@gmail.com

September 1, 2022

Re: FOIA/PA #22-334

Dear Mr. Leopold:

    This is to acknowledge your email dated August 23, 2022, for information pertaining to emails, text messages, letters, memos, sent and received by the Justice Department's National Security Division personnel to and from former NARA Director David Ferriero, Acting Director Debra Wall, and NARA counsel Gary Stern, and officials at the Department of Justice Office of Legal Counsel, the Office of the attorney General, the White House Counsel's Office relating or referring to the Presidential Records Act, Federal Records Act, Executive Privilege, the Trump White House and records stored at Mar-a-Lago that were recovered by NARA after former President Donald Trump left office.   Our FOIA office received your Freedom of Information Act request on August 23, 2022.

    Our policy is to process FOIA requests on a first-in, first-out basis.   Any searches conducted in response to your request will be limited to the records of the National Security Division.   Consistent with this policy, every effort will be made to respond to your request as quickly as possible.   The actual processing time will depend upon the complexity of the request, whether it involves sensitive or voluminous records, and whether consultations with other agencies or agency components are appropriate.

    You may contact our Government Information Specialist, Kevin Tiernan, for any further assistance and to discuss any aspect of your request at:

    U.S. Department of Justice
    Records and FOIA Unit
    3 Constitution Square
    175 N Street N.E. 12th Floor
    Washington, DC   20530
    (202) 233-0755

    You also requested expedited processing of your request. You requested expedited treatment pursuant to the fourth standard enumerated in the Department of Justice's regulations. Expedited treatment pursuant to the first standard will be granted where not doing so "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." 5 U.S.C. § 552(a)(6)(E)(v)(I). See also 28 C.F.R. § 16.5(e)(1)(i) (2019). Under the second standard, you must show that there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity, if made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). See also 28 C.F.R. § 16.5(e)(1)(ii) (2019). Under the

**Exhibit 7**

third standard, you must show that the request involves "[t]he loss of substantial due process rights." 28 C.F.R. § 16.5(e)(1)(iii) (2019). Under the fourth standard, you must show that the subject matter of your request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Id. at § 16.5(e)(1)(iv). This Office makes determinations regarding the first three standards, while the Department's Director of Public Affairs makes determinations regarding the fourth standard. See id. at § 16.5(e)(2).

The fourth standard requires you must show that the subject matter of your request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Id. at § 16.5(e)(1)(iv).

Based on the information you have provided it has determined that you have satisfied the requirement under the fourth standard and thereby your request for expedited processing has been granted.

Please be advised that, your request has been assigned to a Government Information Specialist on the DOJ's National Security Division Records and FOIA staff and a further update regarding your request will be provided to you as soon as practicable.

Sincerely,

*Arnetta Mallory*

Arnetta Mallory
Government Information Specialist

On Thu, Aug 25, 2022 at 4:51 PM Jason Leopold <jasonleopold@gmail.com> wrote:
This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
Name: Jason Leopold
Position: Investigative Reporter
Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
Email: jasonleopold@gmail.com

RECORDS SOUGHT
I request disclosure from the National Archives and Records Administration the following records:

1. All records, such as talking points, emails (including attachments), memos, letters, text messages, mentioning or referring to the June 19, 2022 letter former President Trump addressed to Acting Archivist Debra Wall in which he designated Kash Patel and journalist John Solomon "as my representatives for access to Presidential records of my administration..."

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence last week to recover documents, some marked as top secret and classified, is unprecedented in our nation's modern history. The decisions that led to the search have dominated the news cycle for the past week and have raised important questions about the government's decision making process that led to it as well as what role the various government agencies, such as NARA, in facilitating or this unprecedented decision or the role the agency played in the matter and the responses to numerous inquiries from lawmakers, the public and journalists that have followed. There is widespread and exceptional media interest in this matter and many questions have been raised concerning the government's integrity in conducting this investigation. These records  are needed on an urgent, expedited basis so that I may inform the public about actual government activity about this matter.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
 _/s/_____JL_____ Jason Leopold


Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

**Exhibit 8**

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

NARA should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.      Request for Public Records:

Please search for any records even if they are already publicly available.

2.      Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.

3.      Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.      Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.      Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.      Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on

a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of the government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold


--

---------- Forwarded message ---------
From: **NARA General Counsel FOIA Office** <foia@nara.gov>
Date: Fri, Aug 26, 2022 at 9:50 AM
Subject: Re: Request for records under the Freedom of Information Act
To: <jasonleopold@gmail.com>
Cc: FOIA <FOIA@nara.gov>


**Sent via Email** <jasonleopold@gmail.com>

August 26, 2022

*BuzzFeed News*
Jason Leopold
Senior Investigative Reporter
1669 Benedict Canyon Dr.
Beverly Hills, CA 90210
jasonleopold@gmail.com


RE: Freedom of Information Act Request NGC22-836

Dear Mr. Leopold:

Your FOIA request, dated August 25, 2022, was received by the National Archives and Records Administration's Office of General Counsel on the same day via our foia@nara.gov inbox. We assigned your request tracking number **NGC22-836**.  Please provide this number in any future correspondence about your case.


Sincerely,

Ashley A. Bryan
Government Information Specialist
Office of General Counsel (NGC)
National Archives and Records Administration
8601 Adelphi Road

**Exhibit 9**

College Park, Maryland, 20740-6001
301-837-3642


On Thu, Aug 25, 2022 at 4:51 PM Jason Leopold <jasonleopold@gmail.com> wrote:
This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
Name: Jason Leopold
Position: Investigative Reporter
Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
Email: jasonleopold@gmail.com

RECORDS SOUGHT
I request disclosure from the National Archives and Records Administration the following records:

1. All records, such as talking points, emails (including attachments), memos, letters, text messages, mentioning or referring to the June 19, 2022 letter former President Trump addressed to Acting Archivist Debra Wall in which he designated Kash Patel and journalist John Solomon "as my representatives for access to Presidential records of my administration..."

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence last week to recover documents, some marked as top secret and classified, is unprecedented in our nation's modern history. The decisions that led to the search have dominated the news cycle for the past week and have raised important questions about the government's decision making process that led to it as well as what role the various government agencies, such as NARA, in facilitating or this unprecedented decision or the role the agency played in the matter and the responses to numerous inquiries from lawmakers, the public and journalists that have followed. There is widespread and exceptional media interest in this matter and many questions have been raised concerning the government's integrity in conducting this investigation. These records  are needed on an urgent, expedited basis so that I may inform the public about actual government activity about this matter.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
 _/s/_____JL_____ Jason Leopold


Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

NARA should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.    Request for Public Records:

Please search for any records even if they are already publicly available.

2.    Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.

3.    Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.    Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.    Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.    Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on

a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of the government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold



# NATIONAL ARCHIVES

**<u>Sent via Email</u>**

September 08, 2022

Jason Leopold
Investigative Reporter
Bloomberg News
1669 Benedict Canyon Drive
Beverly Hills, CA 90210
jasonleopold@gmail.com

<u>RE: Freedom of Information Act Request NGC22-836, NGC22-837 and NGC22-838</u>

Dear Mr. Leopold:

This is in response to your request dated August 25, 2022, for expedited processing of your Freedom of Information Act (FOIA) request assigned internal tracking numbers NGC22-836, NGC22-837, and NGC22-838.  Your request was received by NARA's Office of General Counsel via foia@nara.gov on the same day.  It seeks records related to NARA's efforts to retrieve Presidential records stored at former President Donald Trump's residence at Mar-A-Lago.

NARA processes FOIA requests on an expedited basis if it is determined that the request meets one or more of the following criteria described in its FOIA Regulation, at 36 C.F.R. § 1250.28(a):

(1) A reasonable expectation of an imminent threat to an individual's life or physical safety;

(2) A reasonable expectation of an imminent loss of a substantial due process right;

(3) An urgent need to inform the public about an actual or alleged Federal Government activity (this criterion applies only to those requests made by a person primarily engaged in disseminating information to the public); or

(4) A matter of widespread and exceptional media interest in which there exist possible questions that affect public confidence in the Government's integrity.

**Exhibit 10**

After carefully reviewing your request, we have determined that expedition is warranted under 36 C.F.R. § 1250.28(a)(3). Your request has been added to NARA's expedited queue. We will process your request as soon as practicable and will let you know when we have any further updates.

Sincerely,

Joseph A. Scanlon

Joseph A. Scanlon
FOIA & Privacy Act Officer
Office of General Counsel
National Archives and Records Administration

# Exhibit 11

---------- Forwarded message ----------
From: **DNI-FOIA** <DNI-FOIA@dni.gov>
Date: Thu, Sep 8, 2022 at 11:26 AM
Subject: RE: Request for records under the Freedom of Information Act DF-2022-00402
To: jasonleopold@gmail.com <jasonleopold@gmail.com>, DNI-FOIA <DNI-FOIA@dni.gov>


Good afternoon Mr. Leopold,


Please see attached acknowledgment letter.


Sincerely,

DNI-FOIA


**From:** Jason Leopold <jasonleopold@gmail.com>
**Sent:** Thursday, September 1, 2022 7:25 PM
**To:** DNI-FOIA <DNI-FOIA@dni.gov>
**Subject:** Request for records under the Freedom of Information Act


This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.


REQUESTER INFORMATION

Name: Jason Leopold

Position: Investigative Reporter

Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210

Email: jasonleopold@gmail.com


I request disclosure from the Officer of the Director of National Intelligence the following records:


1. All emails, text messages, letters, memos, reports, referrals, PowerPoint Slides, bulletins, talking points, ODNI received from the

Department of Justice National Security Division, DOJ's Criminal Division, the Office of Attorney General and the Office of Legal Counsel relating or referring to risk assessments and damage assessments associated with the discovery of the classified and top secret records recovered from former President Trump's residence at Mar-a-Lago in 2022; and any responses ODNI sent back to the agencies. The records I seek would contain discussions about having ODNI conduct a risk assessment or damage assessment, would constitute any formal requests for a risk or damage assessment and would also mention any equities other government agencies have in the records retrieved from Mar-a-Lago. The timeframe for this part of the request is February 1, 2022 through the date the search for responsive records is conducted. Please omit news clippings and press releases from the search.

2. All records, such as emails, memos, letters, text messages, reports, PowerPoint slides, ODNI sent and received to Intelligence Community agencies relating or referring to top secret and classified records retrieved from Mar-a-Lago and assessments measuring the risk and damage to national security and intelligence operations.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence this week is unprecedented in our nation's modern history. This week, the Justice Department submitted a photograph that revealed just some of the highly classified and top secret documents former President Trump kept at Mar-a-Lago. In its court filing, the Justice Department stated, unequivocally, that the disclosure of these records would cause grave damage to national security. The government also said it is crucial that ODNI conduct an assessment to determine the risk to national security if these records were to be disclosed. This is an extraordinary development involving a former president who is now being investigated for possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news for three weeks. Former President Trump has said he had the right to possess these records and they were in fact already declassified. There is a clear overwhelming public interest in this matter and the conduct of the government has been called into question by the former president and his supporters. Now that ODNI is conducting a risk assessment it is crucial that records relating or referring to the decision by the agency to start one be turned over to me so that I may inform the public in a timely manner and about actual government activity.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief. _/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is proh bited by law; and

(ii) (I) consider whether partial disclosure of information is poss ble whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DNI should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.

INSTRUCTIONS REGARDING SEARCH

1.    Instructions Regarding "Leads":

As required by the relevant case law, the DNI should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system.  Failure to follow clear leads is a violation of FOIA.

2.    Request for Public Records:

Please search for any records even if they are already publicly available.

3.      Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.


4.      Request for Search of Filing Systems, Indices, and Locations:

I request that the DNI search all of its offices and components, which are likely to contain responsive records.

5.      Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the DNI maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.


6.      Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7.      Request to Search Emails:

Please search for emails relating to the subject matter of my request.


8.      Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the DNI disclose releasable records even if they are available publicly through other sources outside the DNI, such as NARA.


9.      Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.


INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The DNI is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.


FORMAT


I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.


I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

**I will appeal any denial of my request for a waiver administratively and to the courts if necessary.**


--

Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC

September 8, 2022

Jason Leopold
1669 Benedict Canyon Dr.
Beverly Hills, CA  90210

Mr. Leopold:

This acknowledges receipt of your Freedom of Information Act (FOIA) request dated 1 September 2022 and received by the Office of the Director of National Intelligence (ODNI) on 2 September 2022, in which you requested:

(1) Records received from four Department of Justice (DOJ) components relating or referring to risk assessments and damage assessments associated with the discovery of classified records recovered from Mar-a-Lago;
(2) ODNI responses to the four DOJ component communications described above; and
(3) Records ODNI sent to or received from Intelligence Community agencies relating or referring to classified records retrieved from Mar-a-Lago and assessments measuring the risk and damage to national security and intelligence operations.

**Your request has been assigned ODNI tracking number DF-2022-00402 and your requests for a fee waiver and expedited processing have been granted.** We have initiated searches for the records you requested and are awaiting response.

To assist you with any aspect of your request you may contact the FOIA Public Liaison at dni-foia-liaison@dni.gov.  You may also contact the Office of Government Information Services (OGIS) of the National Archives and Records Administration to inquire about the mediation services they provide. OGIS can be reached at 8601 Adelphi Road, Room 2510, College Park, MD 20740-6001; telephone (202) 741-5770 or Toll-free (877) 684-6448; fax (202) 741-5769; or email at ogis@nara.gov.

If you have any questions, please contact our Requester Service Center at dni-foia@dni.gov or (703) 275-1313.

Sincerely,

*KCZ for*

Greg Koch
Chief, Information Management Office
FOIA Public Liaison

**Exhibit 12**