# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD, *et al.*,

        Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION, *et al.*,

        Defendants.

Civil Action No. 1:22–cv–03012–JMC

## JOINT STATUS REPORT

The parties respectfully submit the instant response to the Court's December 12, 2022 Minute Order, requiring them to submit by today a joint schedule for further proceedings in this matter. As outlined herein, the parties request the opportunity to submit a joint status report to the Court on January 27, 2023, proposing processing schedules for the National Security Division ("NSD") of the Justice Department and the Office of the Director of National Intelligence ("ODNI"), as they anticipate their searches for potentially responsive records will be completed by that date, and they will then be able to make better informed proposals regarding the path forward in this case. The parties also agree that no further processing schedule is necessary for the National Archives and Records Administration ("NARA"), because, as described below, NARA anticipates completing its response to Plaintiff's Freedom of Information Act ("FOIA") request by January 26, 2023. As to the other Defendant agencies or components, Plaintiffs and Defendants have separately stated their positions below.

**Plaintiffs' Position**

Counsel for the parties have conferred about the status of processing for each component, and the Parties' respective proposals for next steps. Below, Plaintiffs will provide proposed next steps. Where Plaintiffs note agreement with a particular Defendant's proposal, that is an agreement to that specific approach, and is not intended as agreement to the basis for that proposal as described in Defendants' position.

**FBI**

As this Court noted in its December 12 minute order, the exigencies of this case necessitate review and production begin as soon as possible. The FBI has agreed the circumstances warrant expedited processing. Given that, Plaintiffs propose that the FBI process records at a rate of 750 pages per month, to the extent the number of potentially responsive records exceeds that amount. Plaintiffs further propose that the FBI complete all outstanding searches by the date of the next status report, and provide an estimated date for completion of processing at that time.

**DOJ – OIP**

Plaintiffs have agreed to OIP's proposal to complete a responsiveness review by February 27, and to send any responsive records out for consultations by March 10, 2023.  It is Plaintiffs' position that following that, OIP should process any remaining records, and any returned consultations, at a rate of 750 pages per month. This rate would reflect both the expedited status of the request, as well as the exigencies present in this case.

**DOJ – NSD**

Plaintiffs have agreed to the approach Defendant describes below.

**NARA**

Plaintiffs are in agreement that no processing schedule is necessary once processing is completed on January 26.

**ODNI**

Plaintiffs have agreed to confer by January 27th, when ODNI will have additional information about the number of potentially outstanding pages. Plaintiffs' position is that ODNI should process all pages it is currently reviewing not subject to outside consultation, and produce all nonexempt portions by January 26, in accordance with the Court's December 12th order.

**Defendants' Position**

Defendants the Federal Bureau of Investigation ("FBI"), the U.S. Department of Justice ("DOJ"), the National Archives and Records Administration ("NARA"), and the Office of the Director of National Intelligence ("ODNI"), (collectively, "Defendants") have been making their best efforts to address the Plaintiff's FOIA requests, and Defendants have been working diligently to ensure that by January 26, 2023, at least 500 pages are processed and any responsive records from those 500 pages produced, consistent with the Court's December 12, 2022 Minute Order. Because the number of records responsive to Plaintiff's various requests differ, as do the resources of Defendants' offices working to respond to Plaintiff's requests, Defendants herein separately provide updates and proposals for each agency or component.

Preliminarily, Defendants note that as their review continues, consistent with applicable regulations, Defendants may identify records as to which they need to consult and coordinate with other agencies or components, where another agency or component may be better positioned to determine whether a record contains exempt information to ensure that important equities such as law enforcement and national security interests are appropriately protected. Indeed, such additional review is likely to be implicated in a situation such as the instant case, where the FOIA requests at issue relate to an ongoing criminal investigation. For records as to which such consultations or referrals are required, additional processing time is likely to be necessary to allow for the other equity holders' review. Such processes, while requiring additional time, are necessary to safeguard the information that Congress intended to shield from disclosure in the FOIA.

**FBI**

FBI's searches for records responsive to Plaintiff's request remain ongoing, and FBI therefore does not yet know the full volume of potentially responsive records to be processed in this case. The FBI's searches completed by the time of the Court's December 12, 2022 Minute Order returned approximately 30 potentially responsive pages, and FBI anticipates processing those pages by January 26, 2023. Going forward, FBI proposes a processing schedule of 500 pages reviewed per month in this case, or, if fewer than 500 pages are returned by the searches completed at the beginning of a month, then FBI proposes to review the number of pages that the

searches have returned.

The FBI is committed to processing records potentially responsive to Plaintiff's request as quickly as practicable.  The FBI's proposed processing rate of 500-reviewed pages per month is designed to most equitably provide the largest number of requesters the most information possible and ensure the best use of the FBI's finite resources, including with respect to the significant number of requests, like Plaintiff's, as to which expedited processing has been granted.  Three factors underlie the rationale for this processing rate:  1) it allows the FBI to respond to more requesters across its various processing queues by preventing a few large requests or litigations from monopolizing finite processing resources; 2) processing in 500-page increments promotes an effective and sustainable workflow as it is has proven ideal for reviewing officials and other components or agencies that may need to be consulted, and reduces the risk of creating delays to requests or inadvertent disclosure of exempt information; and 3) this volume has proven ideal to account for the necessary security protocols involved in finalizing material for release, which can require significant time and effort that increases as more pages are added, creating risks for delays for all monthly releases.

### **DOJ – OIP**

The Office of Information Policy (OIP) is working diligently to respond to Plaintiff's FOIA request.  Plaintiff submitted this FOIA request to OIP on August 18, 2022, seeking specified records related to the execution of a search warrant at former President Trump's Mar-a-Lago residence.  Plaintiff's request specified that it was seeking records from five separate offices that OIP processes FOIA requests on behalf of:  OIP, and the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Public Affairs (OPA), and Legislative Affairs (OLA).  On August 31, 2022, OIP acknowledged receipt of Plaintiff's FOIA request and

granted Plaintiff's request for expedited processing.  OIP also noted that Plaintiff's FOIA request

would require a search in and/or consultation with another Office and, therefore, unusual

circumstances applied.[1]  Additionally, OIP advised that Plaintiff's FOIA request had been placed

in the expedited processing track and would be processed as soon as practicable.  Finally, OIP

noted that the time needed to process Plaintiff's request would necessarily depend on the

complexity of OIP's records search and on the volume and complexity of any records located.

On October 5, 2022, Plaintiff filed suit.  *See* ECF No. 1.

 Across all five offices, OIP determined that approximately 270 individual custodians

were potentially implicated by the scope of Plaintiff's request.  As a result, on November 15,

2022, OIP sent a narrowing proposal to Plaintiff that, in part, outlined options to reduce the

number of custodians to be searched and narrow the scope of Plaintiff's request based on OIP's

assessment that certain custodians were not likely to have the type of records OIP understood

Plaintiff to be requesting.  *See* ECF No. 10.  On November 28, 2022, Plaintiff requested

additional information about OIP's proposal, which OIP provided on December 7, 2022.  While

these negotiations continued, OIP could not proceed with its remote searches for electronic

emails and documents, as the precise list of custodians to be searched and parameters of

Plaintiff's request were under discussion.

 On December 12, 2022, this Court entered a Minute Order, which, in part, required

Defendants "to process at least 500 pages in the next 45 days and produce any responsive

documents."  Also on December 12, 2022, OIP followed up with Plaintiff again seeking

Plaintiff's position regarding the proposed scope of the search.  On December 15, 2022, Plaintiff

---

[1] Additionally, as described *infra*, OIP has now located a "voluminous amount" of records, which is another basis provided by the FOIA for "unusual circumstances."  *See* 5 U.S.C. § 552(a)(6)(B)(iii).

declined to agree to OIP's proposal to exclude certain custodians whom OIP had identified as not likely to have the type of records OIP understood Plaintiff to be requesting.  However, OIP and Plaintiff did agree to exclude certain categories of records.  As a result, OIP was not able to submit its search until December 15, 2022.

Given the breadth of Plaintiff's request and number of custodians searched, the email and electronic documents portion of OIP's search was unable to be completed and loaded into OIP's eDiscovery review platform until January 11, 2023.  This search located 79,703 items that must be reviewed for responsiveness before being substantively processed for the application of any FOIA exemptions and necessary consultations.

To comply with this Court's Minute Order, OIP has identified a number of records located in response to a separate FOIA request that it has preliminarily determined to be responsive to Plaintiff's request, and anticipates being able to provide an initial interim response to Plaintiff by January 26, 2023.  Additionally, OIP will review, for responsiveness, at least 500 pages of records located in response to its search for Plaintiff's request by January 26, 2023.

However, going forward, OIP will be unable to commit to a similar monthly processing schedule due to the fact that Plaintiff's request implicates an ongoing law enforcement investigation as well as the need to consult with other offices regarding any responsive records OIP's searches locate.  The Department's FOIA regulations require that "[w]hen reviewing records located by a component in response to a request, the component shall determine whether another component or another agency of the Federal Government is better able to determine whether the record is exempt from disclosure under the FOIA."  28 C.F.R. § 16.4(d).  Where consultation is required, "the component processing the request should typically consult with that other component or agency prior to making a release determination."  *Id.* § 16.4(d)(1).

Moreover, prior to completing its initial responsiveness review, OIP cannot know the universe of records actually responsive to Plaintiff's request, the complexity of any such records, or the number of consultations required, let alone all the other Executive Branch agencies and offices with which OIP will need to consult.[2]  As a result, OIP cannot reasonably commit to a processing schedule until it has completed its initial responsiveness review.

Instead, OIP proposes that it will complete its initial responsiveness review of all 79,703 potentially responsive records located by its initial email and electronic documents search within the next 45 days, by February 27, 2023, and will send any responsive records out for consultations by March 10, 2023.  This corresponds to reviewing for responsiveness approximately 1,770 items a day.[3]  Upon completion, OIP will make rolling responses to Plaintiff as any required consultations are returned and final determinations can be made.

OIP believes this schedule is reasonable in light of the volume of potentially responsive records located by its initial search and understanding that OIP has other competing FOIA litigation obligations.  The OIP Litigation Team currently consists of six line attorneys (two of which are currently on extended leave), one reviewing attorney, and OIP's Senior Counsel.  As of January 11, 2023, OIP is currently engaged in 150 ongoing FOIA litigation matters.  The

---

[2] When OIP sends records out for consultation, it provides a requested response date to the consulting office, and OIP staff regularly follows up with each component regarding the status of the records sent for consultation.  Each office must separately review the records sent for consultation, while also contending with their own separate FOIA workloads and staffing considerations.  Thus, some offices may need longer than others to review records sent for consultation.  However, consistent with Departmental regulations, OIP generally must wait to hear from each component with equities in a record before making a release determination.

[3] OIP's ability to review this volume of records for responsiveness is due to a number of factors, including that this request has been granted expedition, the types of records excluded by agreement between the parties as well as per the terms of the request, and the current posture of the assigned OIP attorney's other workstreams.

attorney assigned to Plaintiff's request is assigned to 28 FOIA litigation matters on a variety of topics of high public interest, including records related to Special Counsel John Durham. Specific to the topic of Plaintiff's request, the assigned OIP attorney is also actively handling six other requests, across three separate litigations, that relate to the execution of a search warrant at former President Trump's Mar-a-Lago residence, and which were all similarly granted expedited processing.  Requiring a different processing schedule would likely result in OIP having to unfairly disadvantage these other similarly situated requests.

### DOJ – NSD

The National Security Division (NSD) continues to work to respond to Plaintiff's August 23, 2022 FOIA request.  The materials to be searched for potentially responsive records have been gathered, and searches remain ongoing.  In the absence of information concerning the number of potentially responsive records, it is difficult for NSD to propose a processing schedule herein.  Instead, NSD respectfully proposes to submit an interim status report to the Court by January 27, 2023—by which time NSD anticipates its searches will be completed—proposing at that time a processing schedule fully informed by the volume of records returned by its searches.

### NARA

NARA has completed its searches for records responsive to Plaintiff's August 25, 2022 FOIA request, as well as its initial responsiveness review, and identified approximately 25 pages of responsive records.  Currently, NARA is processing the records, and anticipates that it will be able to release any non-exempt materials by January 26, 2023.  Accordingly, NARA respectfully submits that no processing schedule is necessary.

### ODNI

ODNI has made significant progress in responding to Plaintiff's September 1, 2022 FOIA request.  Although some supplemental searches are still outstanding, a number of searches have been returned, and approximately 910 pages have been reviewed for responsiveness.  Of those, 382 have been processed and determined to be non-responsive, and 528 pages have been identified as responsive.  As explained above, consultations or referrals may be required if another equity holder is better positioned to determine whether a FOIA exemption properly protects information in a responsive record from disclosure.  Of the pages determined to be responsive, over half have been identified as referrals, and a number of the remaining pages also require consultation or are being reviewed for consultation.  ODNI intends to send out as many referrals as possible by January 26, 2023.

Going forward, ODNI anticipates that it will complete its searches for records responsive to Plaintiff's request by January 27, 2023.  At that point, ODNI would be better able to propose a processing schedule based on the total number of potentially responsive records returned by the searches in this case.  Accordingly, ODNI respectfully asks that the Court permit the parties to submit an interim status report to the Court by January 27, 2023, proposing at that time a processing schedule fully informed by the volume of records returned by its searches.

Respectfully submitted this 12th day of January, 2023.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Julia A. Heiman*
JULIA A. HEIMAN (D.C. Bar No. 986228)

Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Tel: 202-616-8480
 julia.heiman@usdoj.gov


*Attorneys for Defendants*


*/s/ Josh Loevy*
JOSH LOEVY, D.C. Bar #IL0105
MATTHEW TOPIC, D.C. Bar #IL0037
Loevy & Loevy
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com


*Counsel for Plaintiffs*